**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOSE L. MORALES, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-13-CV-410-XR |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

On this day the Court considered Defendant's motion to dismiss (docket no. 3). For the following reasons, the Court GRANTS the motion.

**I. Background**

**A. Factual Background[1]**

On January 31, 2003, Plaintiffs Jose L. Morales and Margarita Morales ("Plaintiffs") obtained a mortgage loan from Major Mortgage d/b/a Trico Mortgage ("Major Mortgage").  The mortgage was secured by Plaintiffs' home located at 9822 Charline Lane, San Antonio, Texas.  Pursuant to the transaction, Plaintiffs executed a promissory note (the "Note") and a security instrument (the "Deed of Trust").  While it is not specifically stated in the amended complaint, it is implied that at some point Defendant Wells Fargo Bank, N.A. ("Defendant") became the mortgage servicer to Plaintiffs' loan.  In that capacity, Defendant guided Plaintiffs through the mortgage modification process, and in late 2012 Defendant allegedly instructed Plaintiffs to stop making mortgage payments in order to qualify for a loan modification.  Plaintiffs do not state

---

[1] The factual allegations are taken from Plaintiffs' First Amended Complaint.

1

whether they did or did not stop making payments at this time, nor do they state whether they were in default prior to Defendant's statement.  Thereafter, in March 2013, Defendant allegedly explained to Plaintiffs that a minor typographical error on the modification application was holding up the modification process.  Presumably, the modification did not occur.  On May 2, 2013, Plaintiffs received a correspondence, which indicated that their home was posted for a foreclosure sale on May 7, 2013.  Plaintiffs assert that they did not receive either a notice to cure any default or a notice of the scheduled foreclosure sale prior to receiving the May 2 correspondence.

Plaintiffs argue that Defendant should be enjoined from conducting a foreclosure sale for several reasons.  First, Plaintiffs argue that Defendant is not the holder of the Note or the mortgagee of record.  In their amended complaint, Plaintiffs reference an assignment of the mortgage executed by Andrew Patrick Colligan, as an assistant secretary of Mortgage Electronic Registration System ("MERS") on July 23, 2012 (the "Assignment.").  Plaintiffs state that Defendant had Mr. Colligan execute the Assignment, though "Mr. Colligan is in fact not an employee of MERS but is likely an employee of Lender Process Services."[2]  Further, Plaintiffs assert that, "[u]pon investigation of the signature on the July 2012 document, Plaintiffs have learned from their handwriting expert that the signature of Mr. Colligan is in fact forged.  The signature was either affixed by another person or was reproduced by a 'ghost writer', which is a machine which reproduces large volumes of signatures."[3]  Additionally, because Plaintiffs assert that the signature was "forged," Mr. Colligan could not have "personally appeared before the notary an [sic] executed the document."[4]  Therefore, Plaintiffs conclude, the Assignment "was

---

[2] Am. Compl. ¶ 8.
[3] Am. Compl. ¶ 8.
[4] Am. Compl. ¶ 8.

filed in violation of the Texas Penal Code," and Defendant, without a "proper assignment," is not the "statutory mortgagee," entitled to foreclose.[5]

## B. Procedural History

Plaintiffs filed their original petition in the 45th Judicial District Court of Bexar County, Texas on May 5, 2013.  Plaintiffs sought a temporary restraining order and a temporary injunction to enjoin Defendant from selling their home.  Their petition also asserts claims for declaratory judgment, violations of Chapter 12 of the Texas Civil Practice and Remedies Code, and quiet title.  Defendant removed the action to this Court on May 16, 2013, based on diversity jurisdiction.  After removal, Defendant filed a motion to dismiss, arguing that Plaintiffs' petition should be dismissed because Plaintiffs lack standing to challenge the Assignment, because Plaintiffs' challenges to the Assignment are factually and legally insufficient to support a finding that the Assignment is void, because the Assignment conferred authority on Defendant to foreclose, and because Plaintiffs failed to allege essential elements of their claims.

Plaintiffs responded with a motion to remand (which was denied), an amended complaint, and a response to Defendant's motion to dismiss.  Plaintiffs' response asserts, "Defendants [sic] motion to dismiss is moot because it addresses the Amended Complaint.  Plaintiff [sic] moves the court deny [sic] the motion as moot because the amended pleading clearly addresses all of the Defendant's prior complaints."[6]  Defendant responded with an advisory noting that Plaintiffs' amended complaint is identical in all relevant respects to the state-court petition, including even

---

[5] Am. Compl. ¶ 8.
[6] Resp. at 1.  Presumably Plaintiffs intended to assert that the motion to dismiss is moot because it addresses the state-court petition.

the same typographical and spacing errors.[7]  Defendant's advisory urges the Court to reject

Plaintiffs' delay tactic and rule on its motion to dismiss.

The Court finds that Defendant's motion to dismiss properly addresses Plaintiffs'

amended complaint. *See* 6 CHARLES A. WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE,

*Federal Practice and Procedure* § 1476 (3d ed. 2010) ("[D]efendants should not be required to

file a new motion to dismiss simply because an amended pleading was introduced while their

motion was pending.  If some of the defects raised in the original motion remain in the new

pleading, the court simply may consider the motion as being addressed to the amended pleading.

To hold otherwise would be to exalt form over substance.").  Further, the Court admonishes

Plaintiffs' counsel.  Plaintiffs' amended complaint is in all relevant respects the same as

Plaintiffs' state-court petition.  As such, Plaintiffs' counsel cannot in good faith assert that the

amended complaint addresses the issues raised in Defendant's motion to dismiss and moots the

motion.  These assertions are baseless, dilatory tactics. *See Donovan v. Wells Fargo Bank, N.A.*,

1:13-cv-218-SS, at 2 (W.D. Tex. June 7, 2013) (slip op.) (noting counsel's use of similar tactics

to postpone consideration of a motion to dismiss).  This Court has previously reminded counsel

of his duty under Rule 11. *See Routh v. Bank of Am., N.A.*, SA-12-CV-244-XR, 2013 WL

427393, at *10 (W.D. Tex. Feb. 4, 2013) (reminding counsel of his duty under Rule 11(b)(3)).

"By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies

that to the best of the person's knowledge, information, and belief, formed after an inquiry

reasonable under the circumstances . . . it is not being presented for any improper purpose, such

as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . [and] the

claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

---

[7] Def.'s First Advisory at 1.

argument for extending, modifying, or reversing existing law or for establishing new law[.]" FED. R. CIV. P. 11(b)(1), (2).  Nevertheless, Plaintiffs' assertions, whether brought in their state-court petition or amended complaint, fail to state a claim upon which relief can be granted.

## II. Legal Standard

### A. Legal Standard for Deciding a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Twombly*, 550 U.S. at 556.  Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Plaintiffs cite to *Conley v. Gibson* for the proposition that dismissal through a motion to dismiss is only proper if "it appears beyond doubt that the pleading [sic] can prove no set of facts in support of" a claim for relief.[8]  However, a number of years ago, the *Conley* standard was superseded by a more nuanced standard. *See Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) ("In the past, this court has frequently used the expression that a case will not be dismissed

---

[8] Pls' Resp. at 2.

'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' [citations omitted]   The Supreme Court, however, recently retired *Conley*'s 'no set of facts' language. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007) (stating that '[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard')."); *see Donovan*, No. 1:13-cv-218-SS, at 3 n.3 (suggesting counsel update his form pleadings).

**B. Documents That May Be Considered**

The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'").  In attaching documents to a motion to dismiss that are referred to in the plaintiff's complaint and are central to her claim, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).  Whether the plaintiff has objected to the court's consideration of documents external to the complaint may be a factor that can be taken into account in determining whether to

6

consider the documents. *Scanlan*, 343 F.3d at 536 (citing *Collins*, 224 F.3d at 498-99) ("The fact that the plaintiffs did not object to, or appeal, the district court's consideration of [documents attached to a motion to dismiss] was central to [the Fifth Circuit's] approval of that practice."). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Here, Plaintiffs refer extensively to the Deed of Trust and Assignment throughout their amended complaint.[9]  Plaintiffs also attach a copy of each to their response.  Defendant likewise attaches a copy of each to its motion to dismiss and refers the Court to their filing locations in the Bexar County, Texas Clerk's Office.[10]  Because the documents are central to Plaintiffs' claims and because each party encourages the Court to consider the documents, the Court will consider both the Deed of Trust and Assignment in ruling on Defendant's motion to dismiss.  Plaintiffs also attach the report of document examiner Curtis Baggett to their response.  The Court will not consider this document. *See* FED. R. CIV. P. 12(d) (allowing a court to consider or to exclude matters outside of the pleadings and requiring a court to convert a motion to dismiss into one for summary judgment if the matters are considered).  The Court will not consider the report because it bears only on the truth of Plaintiffs' allegations and Plaintiffs' allegations, even if true, do not state a viable claim.

### III. Discussion

## A. Equitable Relief and Claim Construction

---

[9] *See e.g.* Am. Compl. ¶ 3 (referencing paragraph 18 of the Deed of Trust); *Id.* ¶ 8 (describing the Assignment in detail).
[10] Mot. to Dismiss at 2 n.2.

As an initial matter, Plaintiffs request a temporary restraining order, a temporary injunction, and declaratory relief.

"Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. . . .   Injunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.*, 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)); *accord Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that a plaintiff first plead a viable underlying cause of action).   Further, to obtain injunctive relief a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his or her claims. *See Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 419 (5th Cir. 2001); *Harris Cnty. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999).   Here, Plaintiffs plead causes of action for declaratory relief, violations of Chapter 12 of the Texas Civil Practices and Remedies Code, and quiet title. Additionally, Plaintiffs include within their request for injunctive relief a legal theory that does not appear elsewhere.   They assert that they did not receive proper notice of their right to cure their mortgage default or proper notice of the scheduled date of their foreclosure sale.[11]   Since injunctive relief must be tied to a claim, the Court will consider Plaintiffs' assertions as if made under their claim for quiet title.

To be entitled to injunctive relief Plaintiffs must show, among other things, a likelihood of success on the merits of their claims. *See Women's Med. Ctr. of Nw. Houston*, 248 F.3d at 419; *CarMax Auto Superstores*, 177 F.3d at 312.   For the reasons stated below, Plaintiffs have not alleged viable causes of action, let alone shown a likelihood of success.   Therefore,

---

[11] Am. Compl. ¶ 10.

Plaintiffs' request for injunctive relief is denied. *See Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003) (affirming the district court's denial of injunctive relief when the plaintiff failed to state a claim).

Similarly, Plaintiffs' claim for declaratory judgment fails as an independent claim.  When declaratory judgment is pleaded alongside another cause of action, the request for declaratory judgment should be construed as a theory of recovery predicated upon the accompanying claim. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act . . .  is merely a procedural device; it does not create any substantive rights or causes of action.").  Since Plaintiffs fail to state a cause of action upon which relief may be granted, their request for declaratory judgment is denied. *See, e.g.*, *Scott v. Bank of Am.*, No. SA:12-CV-917-DAE, 2013 WL 1821874, at *9 (W.D. Tex. Apr. 29, 2013) (dismissing request for declaratory judgment where accompanying claims fail); *Amaro v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-3776-B, 2013 WL 1187284, at *4 (N.D. Tex. Mar. 22, 2013) (same); *Marsh v. JPMorgan Chase*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012) (same).

Finally, Plaintiffs allege that Defendant "intentionally instructed Plaintiffs to stop making payments" in order to qualify for a mortgage modification.[12]  Despite this allegation, Plaintiffs do not assert anywhere in their complaint that this fact gives rise to a viable cause of action. Because the alleged fact is not linked to a cause of action, the Court will not analyze whether the fact could state a cause if properly pled. *See Martin-Janson v. JP Morgan Chase Bank, N.A.*, 12-50380, 2013 WL 3533682, at *3, 5 (5th Cir. July 15, 2013) (upholding Rule 12(b)(6) dismissal of declaratory relief based upon the assertion that the mortgage lender waived its right to

---

[12] Am. Compl. ¶ 5.

9

payment through an instruction not to pay; but confirming the trial court's finding that the borrower had pleaded a plausible promissory estoppel claim); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("If our decision upholding dismissal of this lawsuit at the pleading stage appears somewhat hard, we stress that the complaint could have been drafted to withstand dismissal had there been underlying facts to support the claims.")[13]

The Court now turns to Plaintiffs' causes of action.

## B. Causes of Action

### 1. Claim to Quiet Title

Plaintiffs seek to "quiet title related to the Defendant's attempt to foreclose under a deed of trust."[14]  In asserting their cause of action, Plaintiffs allege that the Assignment is void, and therefore, Defendant does not have authority under the Deed of Trust to foreclose.[15]  This argument fails.  Plaintiffs also allege that Defendant is not the owner or holder of the Note and does not have authority to foreclose.[16]  Similarly, this assertion fails.  Lastly, Plaintiffs allege that they did not receive notice of their right to cure their mortgage default or notice of the pending foreclosure sale.[17]  This claim too fails.

#### a. Elements of a Claim to Quiet Title

---

[13] The Court also notes that Plaintiffs explain in their response to the motion to dismiss that the basis of their claims are "founded upon this simple guiding principal [*sic*]: In order for Defendant to foreclose on Plaintiffs [sic] property Defendant has to be the holder of Plaintiffs [sic] note and the Defendant, as the Holder of the note, is exercising its rights directly, or has requested another to exercise its rights, under the Deed of Trust, to foreclose on Plaintiffs [sic] property." Resp. at 2.  Likewise, Defendant asserts in its motion to dismiss that "Plaintiffs' quiet title claim is wholly based on their allegations that the assignment is void." Mot. to Dismiss at 10 (citing Am. Compl. ¶ 18).  Plaintiffs did not challenge this assertion in their response.

[14] Am. Compl. ¶ 18.

[15] Am. Compl. ¶ 18.

[16] Am. Compl. ¶ 4 ("Plaintiff [sic] has not seen the original or a copy of the note and is unaware if [sic] any endorsements of the note from [Major Mortgage] to this Defendant.").

[17] Am. Compl. ¶ 5.

"Any deed, contract, judgment or other instrument not void on its face that purports to convey an interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  A plaintiff may bring suit to quiet title "to declare invalid or ineffective the defendant's claim to title." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To prevail on a claim to quiet title, a plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st. Dist.] Dec. 30, 2011, no pet.).

Here, Plaintiffs have an interest in the property secured by the Deed of Trust and title is affected by Defendant's claim of a right to foreclose.  Plaintiffs assert in their amended complaint that they purchased the property.[18]  Further they assert that they executed a mortgage loan evidenced by the Note and Deed of Trust.[19]  That loan is secured by the property.[20]  In Texas, "[w]hen a mortgagor executes a deed of trust the legal and equitable estates in the property are severed. The mortgagor retains the legal title and the mortgagee holds the equitable title." *Green v. McKay*, 376 S.W.3d 891, 899 n.9 (Tex. App.—Dallas 2012, pet. denied) (explaining the "lien theory of mortgages") (quoting *Flag–Redfern Oil v. Humble Exploration Co.*, 744 S.W.2d 6, 8 (Tex. 1987)).  Defendant's claim of a right to foreclose the Deed of Trust and thereby transfer legal title to the property constitutes a cloud on Plaintiffs' title. *See*

---

[18] Am. Compl. ¶ 18.
[19] Am. Compl. ¶ 3.  This loan was presumably used to purchase the property, though Plaintiffs do not allege this.
[20] Am. Compl. ¶ 12; Deed of Trust at 2.

*Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 603 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (stating that "[f]oreclosure transfers title . . . to another party").

      Though Plaintiffs have met the first two element of their claim for quiet title, Defendant asserts that Plaintiffs' claim for quiet title requires them to prove the superiority of their title, and that Plaintiffs cannot do so without asserting that the Deed of Trust has been discharged or that they are current on their mortgage.[21] *See Washmon v. Strickland*, No. 03-08-00372-CV, 2010 WL 670112, at *1 (Tex. App.—Austin Feb. 26, 2010, no pet.)  ("In a suit to quiet title, a plaintiff must establish superior title, proving and recovering on the strength of his own title, not the weakness of the defendant's title."); *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (explaining that the plaintiff still "has the burden of supplying the proof necessary to establish his superior equity and right to relief").  While this Court has previously noted that there appears to be some discord among Texas appellate courts as to whether a claim for quiet title relies on the invalidity of a defendant's claim to the property or whether the action relies instead on the superiority of a plaintiff's claim, the disagreement makes little practical difference because a plaintiff must both establish title to the property and invalidate the defendant's claim in order to prevail. *See Routh v. Bank of Am., N.A.*, SA-12-CV-244-XR, 2013 WL 427393, at *4 n.16 (W.D. Tex. Feb. 4, 2013); *see also Ellis v. Buentello*, No. 01-12-00098-CV, 2012 WL 3528009, at *3 (Tex. App.—Houston [1st Dist.] Aug. 16, 2012, no pet.) ("A suit to quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property.").  Regardless, Texas courts treat the "requirement" to prove superior title as simply a restatement of the first element of the claim—that a plaintiff prove an interest in the subject property. *See e.g. Alkas v. United Sav. Ass'n of*

---

[21] Mot. to Dismiss at 11.

*Texas, Inc.*, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.) (stating the requirement that a plaintiff prove superior title and discussing that the plaintiff may satisfy the requirement by proving a valid property interest obtained through a valid transfer.).  Of course, the idea of a "superior" claim also contemplates an inferior claim, which the plaintiff must prove through elements two and three—a defendant's claim and the inferiority of that claim.  Plaintiffs fail to state a claim for quiet title because they do not plead facts sufficient to establish the third element of the claim—that Defendant's claim to the property "although facially valid, is invalid or unenforceable." *See Johnson*, 2011 WL 6938507, at *3.

### b. Analysis

#### i. Defendant May Foreclose Regardless of Whether It Is the Owner or Holder of the Note

Plaintiffs assert that Defendant is not the owner or holder of the Note and thus cannot foreclose.[22]  However, owning or holding a promissory note secured by a deed of trust is not required to foreclose.  In Texas, a note and deed of trust represent distinct obligations. *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644–CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.); *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied) ("Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations."); *Stephens v. LPP Mortg.*, 316 S.W.3d 742, 747 (Tex. App.—Austin 2010, pet. denied) (finding that the promissory note and the lien that secures it are "separate legal obligations" that "may be litigated in separate lawsuits"); *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935) ("It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land

---

[22] *See e.g.* Am. Compl. ¶ 10.

and the right to have a foreclosure of lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien.").

"[W]hile a suit to recover a promissory note typically requires possession, foreclosures do not." *Reardean v. CitiMortgage, Inc.*, No. A–11–CA–420–SS, 2011 WL 3268307, at *4 (W.D. Tex. July 25, 2011).  Chapter 51 of the Texas Property Code, which governs non-judicial foreclosures, authorizes a mortgagee or mortgage servicer acting on behalf of the mortgagee to sell property under a "power of sale conferred by a deed of trust." *See* TEX. PROP. CODE §§ 51.002, 51.0025.  In this statutory scheme, a "mortgagee" includes not just the holder or owner of the note, but a host of other entities.  A "mortgagee" may be, "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system, or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4).[23]  Notably, this list allows mortgagees to be persons other than the holders of recorded security instruments. *Id.* § 51.001(4); *Reinagel v. Deutsche Bank Nat. Trust Co.*, 12-50569, 2013 WL 5832812, at *4 n.25 (5th Cir. Oct. 29, 2013).

Here, the Deed of Trust identifies the Mortgage Electronic Registration Systems, Inc. ("MERS") as "the beneficiary . . . solely as nominee for Lender [Major Mortgage] and Lender's successors and assigns."[24]  MERS, as "beneficiary," is therefore, a "mortgagee" as defined under Chapter 51 of the Texas Property Code, and is authorized to conduct a foreclosure sale, regardless of whether it owns or holds the note. TEX. PROP. CODE §§ 51.0001(4)(A), 51.002; *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (discussing the Texas non-judicial foreclosure regime and stating that "the mortgage servicer need not hold or

---

[23] A "book entry system" is defined as "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." TEX. PROP. CODE § 51.0001(1).
[24] Deed of Trust at 1.

14

own the note and yet would be authorized to administer a foreclosure.").[25]  Moreover, the Deed

of Trust itself expressly grants MERS "(as nominee for Lender and Lender's successors and

assigns) . . . the right to foreclose and sell the Property."[26]  With this contractual right, MERS

can foreclose without owning or holding the note, but on behalf of the Lender and its successors

and assigns. *See Bierwirth*, 2012 WL 3793190, at *4 ("where, as here, a deed of trust expressly

grants MERS the power of sale, then MERS has that power") (citing *Athey v. Mortg. Elec.*

*Registration Serv., L.P.*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010, pet. denied).

> Likewise, MERS can assign its right to foreclose to another party, which it has done here
> 
> through the Assignment. *See Crowell v. Bexar Cnty.*, 351 S.W.3d 114, 118 (Tex. App.—San
> 
> Antonio 2011, no pet.) (holding that absent a clause limiting assignment, the deed of trust was
> 
> assignable where it expressly provided that all rights under the deed of trust inure to "the
> 
> respective successors and assigns of Lender and Grantor")[27]; *Martins*, 722 F.3d at 255 ("[T]he
> 
> mortgage was assigned to MERS, and then by MERS to BAC—the assignment explicitly
> 
> included the power to foreclose by the deed of trust.  MERS and BAC did not need to possess the
> 
> note to foreclose.").

> Here, the Assignment states that "For Value Received, the undersigned holder of a
> 
> Mortgage, [MERS] . . . does hereby grant, sell, assign, transfer, and convey, unto [Defendant] . .
> 
> . a certain Mortgage [then describing the Deed of Trust]."[28]  Under Texas law, therefore,
> 
> Defendant assumed MERS's status as "beneficiary" to the Deed of Trust, and received its

---

[25] MERS is also a "book entry system" through its distinction as "nominee" for Major Mortgage and its successors and assigns, and is additionally authorized to conduct a foreclosure sale through its role as a book entry system. TEX. PROP. CODE §§ 51.0001(4)(B), 51.002; *see Hornbuckle v. Countrywide Home Loans, Inc.*, 02-09-00330-CV, 2011 WL 1901975 (Tex. App.—Fort Worth May 19, 2011, no pet.) ("A book entry system such as MERS is included within the definition of 'mortgagee' under Texas law.")

[26] Deed of Trust at 2.

[27] *See* Deed of Trust § 12 ("The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower . . . .")

[28] Assignment at 1.

authority to foreclose on behalf of the Lender, Major Mortgage, and Lender's successors and assigns.  Defendant need not be the owner or the holder of the Note to foreclose.

Plaintiffs, nevertheless, argue that Defendant must be the owner or holder of the Note, otherwise they face confusion as to whom to pay.[29]  Plaintiffs also argue that they could potentially face multiple liabilities if Defendant does not also own the Note.[30]  *See Norwood v. Chase Home Fin. LLC*, A-09-CA-940-JRN, 2011 WL 197874 (W.D. Tex. Jan. 19, 2011) ("The rationale for the strict requirement of possession is to protect the obligor from being subject to multiple demands for payment on a single note.")  This Court has considered the issue before and recognized the concern. *See e.g. Routh v. Bank of Am., N.A.*, SA-12-CV-244-XR, 2013 WL 427393, at * 6–7 (W.D. Tex. Feb. 4, 2013); *Millet v. JP Morgan Chase, N.A.*, SA-11-CV-1031-XR, 2012 WL 1029497, at *3–4 (W.D. Tex. Mar. 26, 2012).  However, the concern is not present here for two reasons.  First, the Fifth Circuit recently noted that Texas follows the *Restatement (Third) of Property: Mortgages*, and that under the *Restatement*, "the transfer of a mortgage *presumptively* includes the note secured by the mortgage, whether or not the instrument of assignment expressly references the note." *Reinagel*, 2013 WL 5832812, at *3 (emphasis in the original); *see* RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 5.4(b) (1997); *Id.* at cmt. a.  Thus, when the Assignment transferred the Deed of Trust to Defendant, the Assignment also presumptively transferred the Note.  Second, the Deed of Trust expressly grants MERS—and therefore Defendant through the Assignment with MERS—the authority to act on behalf of not only Major Mortgage, but also its successors and assigns (i.e. any owner or holder

---

[29] Resp. at 3, 8.
[30] Resp. at 3, 8.

of the Note).[31]  Since Defendant can act on behalf of Major Mortgage and its successors and

assigns, Plaintiffs' fear of being subject to multiple payment demands, or their fear that a

foreclosure by Defendant will not satisfy Plaintiffs' loan obligation, is unfounded. *See Routh*,

2013 WL 427393, at * 6–7.

### ii. The Assignment

Plaintiffs next challenge the Assignment, although it is facially valid.  The assignment

states: "For Value Received, the undersigned holder of a Mortgage, [MERS] . . . does hereby

grant, sell, assign, transfer, and convey, unto [Defendant] . . . a certain Mortgage [then describing

the Deed of Trust].[32]  The Assignment is signed by Andrew Patrick Colligan, Assistant

Secretary, on behalf of "[MERS], as nominee for [Major Mortgage], its successors and

assigns."[33]  The Assignment is dated July 23, 2012, and notarized by Liza Bhattarai Neupane.[34]

The notarization block indicates that the Assignment was notarized in Minnesota, and states:

> On 7/23/2012, before me **LIZA BHATTARAI NEUPANE**, Notary Public,
> personally appeared **ANDREW PATRICK COLLIGAN, Assistant Secretary**
> personally known to me (or proved to me on the basis of satisfactory evidence), to
> be the person whose name is subscribed to the within instrument and
> acknowledged to me that he/she executed the same in his/her authorized capacity,
> and that by his/her signature on the instrument, the person or entity upon behalf of
> which the person acted, executed the instrument. Witness my hand and official
> seal.[35]

Facts alleged and sworn to by a notary are presumptively valid. *See Morris v. Wells*

*Fargo Bank, N.A.*, 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no pet.) ("The law is settled

that a certificate of acknowledgment is prima facie evidence that the grantor appeared before the

notary and executed the deed in question for the purposes and consideration therein expressed.").

---

[31] Deed of Trust at 2 ("MERS, (as nominee for Lender [Major Mortgage] and Lender's successors and assigns), has . . . the right to foreclose and sell the Property.")
[32] Assignment at 1.
[33] Assignment at 1.
[34] Assignment at 1.
[35] Assignment at 1.

Nevertheless, Plaintiffs assert that the Assignment "is a forgery and was filed in violation of the Texas Penal Code."[36]  Plaintiffs assert that "Defendant's [sic] had a [sic] Andrew Patrick Colligan, execute as an assistant secretary of [MERS], [the Assignment]."[37]  Plaintiffs assert that Defendant did so even though Mr. Colligan was not an employee of MERS, but "likely an employee of Lender Process Services."[38]  Further, Plaintiffs assert that Mr. Colligan's signature was "either affixed by another person or was reproduced by a 'ghost writer', which is a machine which reproduces large volumes of signatures."[39]  Finally, Plaintiffs assert that Mr. Colligan did not "personally appear before the notary an [sic] execut[e] the document."[40]  Defendant rejects Plaintiffs' arguments and argues, as an initial matter, that Plaintiffs do not have standing to challenge the Assignment.[41]  The Court agrees with Defendant.

As this Court has noted—and as the Fifth Circuit recently affirmed—a borrower challenging a mortgage assignment as void, but not merely voidable, has standing to challenge the assignment. *Reinagel*, 2013 WL 5832812, at *3 ("Though 'the law is settled' in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor *may* defend 'on any ground which renders the assignment void.'") (emphasis in the original) (citing *Tri-Cities Const., Inc. v. Am. Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ); *Venegas v. U.S. Bank, Nat'l Ass'n*, No. SA:12-CV-1123-XR, 2013 WL 1948118, at *5 (W.D. Tex. May 9, 2013).  Accordingly, whether Plaintiffs have standing to challenge the assignment depends on the nature of their challenges.

---

[36] Am. Compl. ¶ 8.
[37] Am. Compl. ¶ 8.
[38] Am. Compl. ¶ 8.
[39] Am. Compl. ¶ 8.
[40] Am. Compl. ¶ 8.
[41] Mot. to Dismiss at 3.

Here, Plaintiffs' challenges would merely render the Assignment voidable at the election of MERS.  First, Plaintiffs assert that Mr. Colligan lacked authority to execute the Assignment on behalf of MERS because he was not an employee of MERS, but was "likely an employee of Lender Process Services."[42]  Not only is this assertion speculative, but to the extent it challenges Mr. Colligan's authority to execute the Assignment, if true, it merely renders the Assignment voidable. *Nobles v. Marcus*, 533 S.W.2d 923, 926–27 (Tex. 1976) ("It is settled that . . . a deed [executed by a person fraudulently misrepresenting his agency] is valid and represents prima facie evidence of title until there has been a successful suit to set it aside . . . [which] can only be maintained by the defrauded [principal]."); *Reinagel*, 2013 WL 5832812, at *3; *see Twombly*, 550 U.S. at 555 (stating that the factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level").  Next, Plaintiffs contend that Mr. Colligan's signature was "either affixed by another person or was reproduced by a 'ghost writer.'"[43]  These allegations raise the specter of forgery, and the possibility of a void Assignment. *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 601 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (stating that a forged deed is void).  However, Plaintiffs do not allege that the signature was affixed without Mr. Colligan's authority, and therefore, they do not allege forgery and do not have standing to challenge the Assignment. *See Nobles*, 533 S.W.2d at 926 ("Forgery is the making *without authority* of a false instrument in writing, purporting to be the act of another . . . .") (emphasis added); *Reinagel*, 2013 WL 5832812, at *4 ("Texas recognizes typed or stamped signatures—and presumably also scanned signatures—so long as they are rendered by or at the direction of the signer, and the [borrowers] do not allege that [the signatory's] signature was scanned onto the document without his authorization. Moreover,

---

[42] Am. Compl. ¶ 8.
[43] Am. Compl. ¶ 8.

acknowledgments are valid as long as they are made in the presence of the notary and meet certain other formalities the [borrowers] do not challenge here; there is no requirement that the affiant affix his signature in wet ink.").  Finally, Plaintiffs' assertion that Mr. Calligan did not appear before the notary, does not make the Assignment invalid even if true. *See Reinagel*, 2013 WL 5832812, at *4 ("While mortgage assignments must be acknowledged to be *recorded*, Texas's recording statute protects only subsequent purchasers for value and without notice.  That is, while defects in the acknowledgment might prevent [the assignee] from foreclosing had a third party purchased the underlying real estate from the [borrowers] without actual knowledge of the mortgage, they do not affect [the assignee]'s rights against the [borrowers].")

### iii. Insufficient Notice.

Next, Plaintiffs assert Defendant cannot foreclose because Plaintiffs did not receive notice of their right to cure their mortgage default or notice of the pending foreclosure sale. Defendant does not address Plaintiffs' allegations directly.  Instead it construes the allegations as stating a claim for wrongful foreclosure, and notes that Plaintiffs fail to allege the elements of that claim, which include a requirement that Plaintiffs plead a consummated foreclosure sale.[44] *See Perez v. Deutsche Bank Nat. Trust Co.*, SA-13-CV-430-XR, 2013 WL 5781208, at *3 (W.D. Tex. Oct. 25, 2013) (explaining that a claim for wrongful foreclosure in Texas can only be brought after a foreclosure sale).  As explained above, however, this Court construes Plaintiffs' allegations under a theory of quiet title to allow Plaintiffs a chance to assert a valid claim.

Nevertheless, Plaintiffs' amended complaint does not correctly assert lack of proper notice.  The amended complaint asserts, "Plaintiffs *received* no notice to cure pursuant to the

---

[44] Mot. to Dismiss at 14.

Texas Property Code.  In addition, the Plaintiffs *received* no notice of foreclosure."[45]  The standard in the Texas Property Code, however, is *delivery* of notice by the foreclosing party, not *receipt* by the debtor. TEX. PROP. CODE. § 51.002(b), (d), (e) ("The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service."); *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied); *see Rodriguez v. U.S. Bank, N.A.*, SA-12-CV-345-XR, 2013 WL 5173125 (W.D. Tex. Sept. 12, 2013) ("There is no requirement that the notice be received.").  Because Plaintiffs' attention was not drawn to this deficiency in pleading by the Defendant's motion to dismiss, Plaintiffs are granted leave to amend their complaint to assert a valid cause of action for quiet title based upon lack of proper notice, if the Plaintiffs are aware of relevant facts. Plaintiffs' counsel is again reminded of his duty under Rule 11.  "By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) that the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b).

### 2. Claim for Violations of Chapter 12 of the Texas Civil Practice and Remedies Code

Finally, the Court turns to Plaintiffs' claim for violations of Chapter 12 of the Texas Civil Practices and Remedies Code.

Section 12.002(a) of the Texas Civil Practice and Remedies Code provides:

(a) A person may not make, present, or use a document or other record with:

---

[45] Am. Compl. ¶ 5 (emphasis added).

Case 5:13-cv-00410-XR   Document 17   Filed 11/14/13   Page 22 of 23


(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:

(A) physical injury;

(B) financial injury; or

(C) mental anguish or emotional distress.

"The party asserting a claim under section 12.002 has the burden to prove the requisite elements of the statute." *Aland v. Martin*, 271 S.W.3d 424, 430 (Tex. App.—Dallas 2008, no pet.).

As described above, Plaintiffs have failed to allege facts to support their conclusion that the Assignment was fraudulent. Further, Plaintiffs assert, without factual basis, that Defendant intended to cause Plaintiffs financial injury, mental anguish, or emotional distress.[46]  Plaintiffs' assertion is conclusory, and is, therefore, insufficient to establish a plausible claim to relief. *See Twombly*, 550 U.S. at 544 (holding that to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  Accordingly, Plaintiffs fails to state a cause of action upon which relief can be granted.

## IV. Conclusion

Defendant's motion to dismiss (docket no. 3) is GRANTED.

---

[46] Am. Compl. ¶17.

Accordingly, Plaintiffs' cause of action for violations of Chapter 12 of the Texas Civil Practice and Remedies Code is DISMISSED WITH PREJUDICE.

Plaintiffs' cause of action for quiet title is DISMISSED WITHOUT PREJUDICE. Plaintiffs are granted leave to amend their complaint to assert a claim for quiet title based on lack of proper notice, if Plaintiffs are aware of relevant facts.   If Plaintiffs do not replead by November 27, 2013, this Court will dismiss Plaintiffs' claim for quiet title with prejudice and enter judgment in favor of Defendant.

It is so ORDERED.

SIGNED this 14th day of November, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE